(80 South. 690)

LEWIS v. MABLE et al. (7 Div. 505.)

(Court of Appeals of Alabama. Nov. 26, 1918. Rehearing Denied Dec. 17, 1918.)

1. FIXTURES ☞7—HEAVY ENGINE—ANNEXATION TO REALTY.

A 25,000-pound engine imbedded in and securely bolted to heavy concrete foundation fastened to the ground, which had been so attached to ground by owner and for many years used for mining purposes, was a chattel real, being annexed to the realty and stationary in its character.

2. DEEDS ☞47 — CONVEYANCE OF TITLE TO ENGINE—DEFECTIVE DEED—LACK OF WITNESS.

Bill of sale conveying engine, which had been so attached to land as to become a chattel real, where instrument had been subscribed by grantor by making of mark, and had been signed by only one attesting witness, was defective as a deed under Code 1907, § 3355, requiring two attesting witnesses in conveyance for alienation of lands where grantor is not able to sign his name.

Appeal from Circuit Court, Calhoun County; Hugh D. Merrill, Judge.

Action by E. M. Lewis against J. P. Mable and others. Directed verdict for defendants, and plaintiff appeals. Affirmed.

Rutherford Lapsley, of Anniston, for appellant.

Ross Blackmon and Willett, Willett & Walker, all of Anniston, for appellees.

BRICKEN, J. The appellant sued in trover for the conversion of an Atlas engine, and the only question presented upon this appeal is the action of the court in directing the verdict for the defendants, the court by this action holding that the plaintiff acquired no title to the engine in controversy by virtue of the bills of sale upon which appellant relied for title.

It appears that in the year 1902 the Muscadine Mining Company, a corporation, the then owner of the land, placed this engine upon its own land for its own use for mining purposes. It was erected on a heavy concrete foundation, the bed or foundation was fastened to the ground, and was a heavy concrete bed, with a place cut out of the side of the hill, and the engine securely bolted down to this heavy foundation which was let into the earth. The engine in question weighed about 25,000 pounds, with a flywheel about 12 feet in diameter. This engine was used many years for mining purposes by the Muscadine Mining Company, and the land upon which the engine was located was afterwards sold by the company to another, and in said sale the company failed to reserve the engine in question.

The plaintiff claimed title to the engine through a bill of sale, which was executed by another, and at the time of the execution of this bill of sale the engine was still attached to the realty as above.

[1, 2] These facts were undisputed, and the court properly held that the engine in question was a chattel real, as it was annexed to the realty and was stationary in its character, and therefore the bills of sale relied upon conveyed no title to the appellant. The first of these bills of sale offered by plaintiff in order to show title in himself is defective in that it is signed by mark of the grantor, with only one attesting witness, and is therefore not a compliance with section 3355 of the Code of 1907, which requires that in conveyances for the alienation of lands, where the grantor is not able to sign his name, the conveyance must be attested by two witnesses, who are able to write, and who must write their names as witnesses. There was no error, therefore, in the action of the court in giving the general affirmative charge for the defendants, which was requested in writing.

The rule, or question of intention of parties relevant in matters between landlord and tenant and between mortgagee and mortgagor under the facts here, does not apply in this case; therefore the cases cited in appellant's brief are not in point and have no relevancy to the case at bar.

The judgment of the lower court is affirmed.

Affirmed.